IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRISTRATA TECHNOLOGY, INC., :
:
       Plaintiff, :
:
  v. : Civil Action No. 06-644-JJF
:
MEDICAL SKIN THERAPY :
RESEARCH, INC., et al., :
:
       Defendant. :

---

Michael O. Warnecke, Esquire, of PERKINS COIE LLP, Chicago, Illinois.
Arthur G. Connolly, III, Esquire and Timothy Michael Holly, Esquire of CONNOLLY BOVE LODGE & HUTZ LLP of Wilmington, Delaware.

Attorneys for Plaintiff.

Defendant Medical Skin Therapy Research, Inc. Not Represented By Counsel.

---

**MEMORANDUM OPINION**

July 20, 2010
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion To Compel Defendant's Responses To Requests For Production Of Documents (D.I. 36), as well as a Motion For Default Judgment As To Medical Skin Therapy Research Inc. (D.I. 40) filed by Plaintiff Tristrata Technology, Inc.

## I. Background

Plaintiff Tristrata Technology, Inc. ("Tristrata") brought this action against Defendant Medical Skin Therapy Research, Inc. ("Medical Skin Therapy")[1], alleging infringement of U.S. Patent Nos. 5,091,171; 5,547,988; 5,385,938; and 5,389,677. (D.I. 1 ¶¶ 1, 12, 13, 14, 15.) On April 24, 2008, the Court, sua sponte, requested Tristrata to show cause in writing as to why the action should not be dismissed. (D.I. 15.) Tristrata subsequently filed a Motion For Default against Medical Skin Therapy. (D.I. 17.) On August 11, 2008, the Clerk of Court entered default against Medical Skin Therapy pursuant to Rule 55(a) of the Federal Rules Of Civil Procedure for failure to answer or otherwise move with respect to the Complaint. (D.I. 25.) Tristrata was granted leave to conduct discovery on the issue of damages. (D.I. 26.) Thereafter, Tristrata sought, and was granted, extensions to the

---

[1] Defendants Louise Bianco Skin Care Inc., Revisions Skin Care, Inc., and Z Cosmetica USA, LLC are no longer parties to the action. (D.I. 22, 32, 33.)

1

deadline for submitting its affidavit regarding damages. (D.I. 29, 34, 35, 39.)

Tristrata presents the same version of facts in its Motion To Compel Defendant's Responses To Requests For Production Of Documents ("Motion To Compel") and its Motion For Default Judgment As To Medical Skin Therapy Research Inc. ("Motion For Default"). According to Tristrata, it had difficulty in locating Medical Skin Therapy, and could not serve its Request For Production Of Documents on Medical Skin Therapy until September 29, 2009. (D.I. 41 ¶¶ 3-4; Ex. A.) On or about October 7, 2009, Marty Glenn ("Mr. Glenn"), CEO of Medical Skin Therapy, contacted Tristrata's trial counsel by telephone, and subsequently, Tristrata's licensing counsel corresponded with Mr. Glenn regarding patent expiration dates, royalty rates, licensing, and Tristrata's need for sales information. (Id., Warnecke Decl. ¶ 4; Foley Decl. ¶ 4.) The parties continued to engage in communications until November 5, 2009. (Id.) According to Tristrata, during the course of these communications, Mr. Glenn stated that he had been advised by counsel to ignore this action, that he did not contest liability but was concerned about paying a judgment, and that he determined Medical Skin Therapy's infringing sales from 1999 through February 2009 to be approximately $10,580,000. (Id., Warnecke Decl. ¶¶ 5-7; Foley Decl. ¶ 5.)

Tristrata filed its Motion To Compel on December 1, 2009.

2

Tristrata then served Medical Skin Therapy with a Subpoena To Produce Documents requesting information regarding damages, issued by the United States District Court for the Central District of California, on December 22, 2009. (Id., Ex. D.) According to Tristrata, Medical Skin Therapy acknowledged receipt of the subpoena on December 31, 2009, Tristrata provided an extension to respond until January 7, 2010, and Medical Skin Therapy has yet to provide any of the requested information. (Id., Warnecke Decl. ¶¶ 9-10.) As a result, on January 8, 2010, Tristrata filed a Motion For Default Judgment against Medical Skin Therapy and award of damages of at least $687,700.

## II.  Parties' Contentions

By its Motion To Compel, Tristrata asks the Court to compel Medical Skin Therapy to respond to its Request For Production Of Documents. (D.I. 38, at 1.) Tristrata contends that it needs information on Medical Skin Therapy's sales of infringing products in order to arrive at a proper damages figure. (Id. at 2.) Tristrata contends that it has diligently attempted to obtain such information without judicial intervention, but that Medical Skin Therapy has refused to cooperate with informal and formal discovery efforts. Medical Skin Therapy has not filed a response to Tristrata's Motion To Compel. (Id.)

By its Motion For Default Judgment, Tristrata asks the Court to enter default judgment against Medical Skin Therapy, and to

3

award Tristrata monetary damages of at least $687,000, plus pre-judgment and post-judgment interest on Medical Skin Therapy's infringing sales at the Delaware legal interest rate. Tristrata also seeks reasonable attorneys' fees and costs. (D.I. 41, at 7-8.) Tristrata contends that an entry of a default judgment in its favor is warranted because it will continue to be prejudiced by Medical Skin Therapy's refusal to engage in the legal process, Medical Skin Therapy has offered no litigable defense, and Medical Skin Therapy's failure to respond to the Complaint was due to culpable conduct. (Id. at 4-6.) Medical Skin Therapy has not filed a response to Tristrata's Motion For Default Judgment, but it apparently disputes the infringing sales figure provided to the Court by Tristrata.[2]

### III. Legal Standard

Entry of default judgment is a two-step process, and a default judgment under Rule 55(b)(2) of the Federal Rules of Civil

---

[2] In a January 26, 2010 letter to the Court, counsel for Tristrata informed the Court that it had received correspondence from Mr. Glenn concerning a damages figure, and provided the Court with a copy of that correspondence. (D.I. 43, Ex. A.) In this undated letter (received by Tristrata's counsel on January 25, 2010), Mr. Glenn states,
> AT NO TIME did I ever tell you that the sales of products containing your chemical were over $9 Million. The $9 Million figure [sic] were the total sales of the company for the period in question. I am unable to determine the exact amount of income received from products which contained your chemical but I estimate such amount to be approximately $5,000,000.00 for the period in question.

(Id.)

4

Procedure must be preceded by an entry of default under Rule 55(a). Fed. R. Civ. P. 55(a)-(b). Pursuant to Rule 55(a), the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After entry of default, if the relief sought against the defaulted party is not for a "sum certain or a sum that can be made certain by computation," the party seeking default judgment must apply to the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(1)-(2). Default judgments are generally disfavored in the Third Circuit. Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008). However, whether to enter default judgment is a matter within the discretion of the trial court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d. Cir. 1984). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

IV.  **Discussion**

The Court will enter default judgment in favor of Tristrata and against Medical Skin Therapy. This action has been pending for over three years with no substantive response from Medical Skin Therapy, and the Clerk entered default over eighteen months

5

ago. While default judgment is not automatic upon entry of default, Tristrata has been unable to enforce its patent rights or recover damages against Medical Skin Therapy. Accordingly, the Court concludes that Tristrata will suffer prejudice if default judgment against Medical Skin Therapy is denied. Moreover, whether Medical Skin Therapy has a litigable defense is unclear, as no Answer has been filed in this action. In the Third Circuit, culpable conduct means actions "taken willfully or in bad faith." Chamberlain, 210 F.3d at 164 (citing Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983)). Tristrata has supplied the Court with copies of emails and letters exchanged by Tristrata's counsel and Medical Skin Therapy and/or Mr. Glenn. (D.I. 38, Ex. B- D; D.I. 41, Ex. B- C; D.I. 43, Ex. A- B.) At a minimum, this correspondence reveals that Medical Skin Therapy is aware of this action, the entry of default against it, and that Tristrata is seeking discovery relating to infringing sales in order to determine damages. Medical Skin Therapy has also been served with a Request For Production Of Documents and a Subpoena To Produce Documents. In a letter to Tristrata dated December 14, 2009 (supplied to the Court by Tristrata's counsel), Medical Skin Therapy summarily states that it is a non-party for discovery purposes, and therefore, that it has "no obligation" to respond to

Tristrata's requests.[3]  (D.I. 41, Ex. C.)  Besides these informal communications, Medical Skin Therapy has not filed any objections to Tristrata's Request For Production Of Documents, has apparently not moved to quash the Subpoena To Produce Documents, and has not filed a response to either the Motion To Compel or Motion For Default Judgment.  In light of the foregoing, the Court can reach no other conclusion than that Medical Skin Therapy's failure to participate in the legal process in this action is willful and culpable.  Default judgment is appropriate.

However, the Court reserves decision on damages.  "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)(citing 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, §2688 at 444 (2d ed. 1983)).  The Court is "required to calculate the appropriate amount of damages, and need not accept the plaintiff's representations on damages as true." Christ v. Cormick, C.A. Nos. 06-275-GMS, 07-060-GMS, 2008 WL 4889127, at *1 (D. Del. Nov. 10, 2008)(citing Comdyne I, 908 F.2d at 1149).  Thus, while the Court

---

[3] As support for this proposition, Medical Skin Therapy cites to a case from the Eastern District of Wisconsin, Blazek v. Capital Recovery Assocs., Inc., 222 F.R.D. 360 (E.D. Wis. 2004). Because the issue is not properly before the Court, the Court will not consider whether a defaulted party may be served with discovery requests or the applicability of the Blazek case to this action.

accepts as true the factual allegations relating to Medical Skin Therapy's infringement of Tristrata's patents, Tristrata must still prove its entitlement to the damages sought. See Comdyne I, 908 F.2d at 1149; see also 5 James Wm. Moore et al., Moore's Federal Practice § 55.32[1][a]-[c] (noting that as a result of default, defaulting party admits the factual allegations of the complaint but not any allegations as to amount of damages). The Court "may conduct hearings or make referrals" when "to enter or effectuate judgment, it needs to determine the amount of damages," Fed. R. Civ. P. 55(b)(2), and the defaulting party is entitled to be heard on the amount of damages. 5 James Wm. Moore et al., Moore's Federal Practice § 55.32[1][c], [f].

In the Court's view, several factors counsel in favor of reserving decision on the amount of damages. The Court cannot determine the amount of damages with certainty based on Tristrata's submissions. Although Tristrata states the basis for its infringing sales figure and requested royalty rate, it summarily claims an entitlement to increased damages under 35 U.S.C. § 284. Further, Tristrata contends that this is an exceptional case within the meaning of 35 U.S.C. § 285 and seeks attorneys' fees, but has not provided the Court with an itemized statement of attorneys' fees and other expenses incurred. In

addition, Medical Skin Therapy is not represented by counsel,[4] there is some indication that Medical Skin Therapy disputes Tristrata's infringing sales figure, see supra p. 4 n.2, and the disputed amount appears significant.  Therefore, the Court will order Tristrata to submit an itemized statement detailing the exact amount of damages its seeks and the basis for those damages, and Medical Skin Therapy will be given an opportunity to respond or request a hearing.

**V.  Conclusion**

For the reasons discussed, the Court will enter default judgment in favor of Tristrata and against Medical Skin Therapy. The Court reserves decision on damages.

An appropriate Order will be entered.

---

[4]  A corporation may only appear in federal court by representation of a licensed attorney.  Rowland v. Ca. Men's Colony, 506 U.S. 194, 201-02 (1993).